## WOLF et al. v. G. M. CARLTON BROS. & CO. (No. 709.)

Court of Civil Appeals of Texas. Waco. Oct. 11, 1928.

Rehearing Denied Nov. 8, 1928.

T. R. Mears, of Gatesville, for appellants.
McClellan & Cross, of Gatesville, for appellee.

BARCUS, J. This suit was instituted by G. M. Carlton Bros. & Co. against A. H. Smith, J. C. Wolf, and the Schofner-Sterling Company to recover on a note for $305.20 executed by A. H. Smith and secured by a morgage on certain described stock and on the cotton crop raised by said Smith on the J. C. Wolf farm, and against J. C. Wolf and the Schofner-Sterling Company for conversion of the mortgaged cotton. J. C. Wolf and the Schofner-Sterling Company, by cross-action, brought into the case several other parties whom they alleged had purchased part of the mortgaged crop, and asked that said parties be required to account for the mortgaged property which they had converted, and that said funds be applied first to the payment of the debt of appellee Carlton Bros. & Co.

The cause was tried to the court, and resulted in a judgment for Carlton Bros. & Co. for the amount due on the note, and foreclosing its mortgage lien on the stock embraced in said mortgage to secure said note; and judgment was rendered in its favor against J. C. Wolf and the Schofner-Sterling Company for the value of the cotton which they had purchased which was covered by said mortgage. The judgment decreed that the mortgaged stock be sold first. Appellants were denied any recovery on their cross-action against the parties whom they had brought in as having purchased part of the mortgaged property. There is no statement of facts in the record. The trial court filed findings of fact and conclusions of law, and the findings of fact are not challenged.

Appellants present six assignments of error and propositions thereunder. By the first two assignments they contend that the trial court was in error in permitting the agent of Carlton Bros. & Co. and A. H. Smith, the party who gave the mortgage, to testify that it was the intention and agreement, at the time the mortgage was given, that it should only cover the stock named therein and the cotton raised by Smith on the Wolf farm, and that it would not include either the cottonseed or the corn raised by Smith on said farm, on the ground that it was a conversation had out of their presence, and not therefore binding on them.

The mortgage, as written, provides that Smith gave a mortgage on certain stock, describing same, and all crops of every kind, raised by him on the J. C. Wolf farm for 1927, consisting of not less than 60 acres of cotton and ——— acres of corn, also of cottonseed. The mortgage was given on January 15, 1927. Appellant J. C. Wolf alleged that he, as landlord, had a landlord's lien on the crop raised by Smith to secure him in the payment of a note for $247, dated January 1, 1927, and that he had taken the cotton raised by Smith and sold same, and used the proceeds thereof to pay said note.

The record further shows that Smith raised on the Wolf farm for 1927 about 6 bales of cotton, about $40 worth of cottonseed, and about 800 bushels of corn. Smith sold part of the corn to different parties, and at the time of the trial was still in possession of part of the cottonseed. Carlton Bros. & Co. in their pleadings alleged that it only had a mortgage on the cotton and on the stock described in said mortgage, and that it did not have a mortgage on either the cottonseed or the corn, and in effect alleged that, if the mortgage could be construed on its face to embrace said crops, it was by reason of a mistake in the drawing of the mortgage. We do not think there was any error in the court's action in admitting said testimony. Appellee, Carlton Bros. & Co., could not foreclose a mortgage on anything that was not embraced in the mortgage, and, where the parties at interest agree that certain property was not intended to be mortgaged, same does not as between them create a mortgage, although the written instrument may so express. A contract as between the parties can always be corrected for either accident, mistake, or fraud, and, where an article is embraced in a mortgage by mutual mistake of the parties, this can be shown by parol testimony. In no event can appellants complain of said testimony being admitted, because the note held by appellant Wolf was given by Smith to him 15 days before appellee took its mortgage, and there is nothing in the findings of fact which in any way tends to show that either of the appellants were in any way misled or injured by the description contained in said mortgage.

By assignments 3, 5, and 6, appellants contend that the trial court was in error in not foreclosing the mortgage in favor of Carlton Bros. against cottonseed raised by Smith on the Wolf farm, and in refusing to render judgment against the parties who purchased the corn. Since Carlton Bros. had no valid mortgage on said property, it was not error for the court to refuse to foreclose a mortgage thereon, or refuse to enter judgment against those who purchased the corn.

By their fourth assignment of error appellants contend that the trial court was in error in rendering judgment against Schofner-Sterling Company, because it was shown that they purchased the cotton in controversy from J. C. Wolf, the landlord, without any knowledge that it was raised by A. H. Smith, a tenant, on his farm, and that they had a right to presume that he, as landlord, owned said cotton. We overrule this assignment. The mortgage held by Carlton Bros. & Co. was promptly filed for record, and appellant Schofner-Sterling Company was charged with notice thereof, and, it being an admitted fact that they purchased the mortgaged cotton, they were responsible for the value thereof to the party who held the mortgage.

The judgment of the trial court is affirmed.

GALLAGHER, C. J., and STANFORD, J., concur.